IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11 CR 181-1 |
| ) | |
| v. ) | Magistrate Judge Daniel G. Martin |
| ) | |
| EBONIE BROWN ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Defendant Ebonie Brown was a postal carrier for the United States Postal Service. On April 27, 2011, she pleaded guilty to a one-count misdemeanor information with being a United States Postal Service employee who opened mail that was not directed to her, in violation of 18 U.S.C. § 1703(b). She was sentenced to a term of probation.

On September 16, 2015, Ms. Brown filed a motion seeking "expungement on my record for employment." R. 18. In that motion, Ms. Brown explained that her federal conviction has made her struggle for stable employment and that she has learned a "life lesson." *Id*. For the reasons set forth below, this Court denies Ms. Brown's motion.

The Seventh Circuit has ruled, definitively, that courts do not have the authority to order agencies of the executive branch of government to expunge their files. In *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993), where the defendant's conviction had been overturned for speedy trial violations and the defendant asked the district court to order the executive branch to

1

expunge its arrest and conviction records, the Seventh Circuit affirmed the district court's denial of the request. There, the court ruled that "federal courts are without jurisdiction to order an Executive Branch agency to expunge what are admittedly accurate records of a person's indictment and conviction." *Id*.; *see also United States v. Flowers*, 389 F.3d 737, 738 (7th Cir. 2004) (noting that the court had made clear that "federal courts lack jurisdiction to order expungement" of "records maintained by the executive branch"); *Scruggs v. United States*, 929 F.2d 305, 306 (7th Cir. 1991) ("Although some cases speak of inherent powers to obliterate arrest records, . . . a court's 'inherent' powers concern the management of *judicial* business. Judges lack supervisory powers over the behavior of the Executive Branch of government." (emphasis in original)).

While courts do have authority over the maintenance of judicial records of arrests and convictions, *Scruggs*, 929 F.2d at 306, the Seventh Circuit has made clear that expungement of judicial records is "an extraordinary remedy and that 'unwarranted adverse consequences' must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." *Flowers*, 389 F.3d at 739. Difficulty in finding employment, for example, is not sufficient to outweigh the public's interest in accurate judicial records. The Seventh Circuit has explained: "[I]f employment problems resulting from a criminal record were 'sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.'" *Id*. at 739-40 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)).

As a result, district courts in this district routinely deny requests like Ms. Brown's. For example, on October 6, 2015, Judge Gettleman issued an order in *United States v. Goril*, 03 CR

2

0959, denying a motion for expungement that, like the request in this case, was based on difficulty in securing employment. That court explained: "The court does have authority to expunge judicial records, but such expungement is "an extraordinary remedy and [] unwarranted adverse consequences must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records. *U.S. v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004). Mere difficulty in finding employment is not sufficient to warrant expungement. *Id*. at 739-40." The court concluded: "Consequently, the motion to expunge (Doc. 52) is denied. *United States v. Goril*, 03 CR 0959, R. 60 (Oct. 6, 2015)."

This Court denies Ms. Brown's request for expungement as not presenting the requisite extraordinary circumstances that outweigh the strong public interest in accurate and undoctored records of conviction.

**E N T E R:**

*[signature: Daniel G. Martin]*

**Daniel G. Martin
United States Magistrate Judge**

**Dated: November 6, 2015**